U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 27 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN MARANTO | CIVIL ACTION NO. 05-0348 |
| versus | JUDGE HICKS |
| DILLARD NATIONAL BANK | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is a **Motion for Award of Fees and Costs In Connection with Service of Process (Doc. 4)** filed by John Maranto ("Plaintiff") on the grounds defendant Dillard National Bank ("Defendant") refused to waive service. The motion represents, through exhibits and an affidavit from counsel, that Defendant was afforded ample opportunity to execute a waiver of service. A representative of Defendant told counsel for Plaintiff that Defendant would not execute a waiver. Plaintiff's counsel made additional efforts to persuade Defendant, but Defendant nonetheless failed to execute a waiver. Formal service was then made through a process server, and Defendant filed an answer. Plaintiff then filed the motion for fees and costs that is before the court. The Clerk of Court issued a notice that permitted Defendant 15 days to oppose the motion, but Defendant did not file any timely opposition.

Rule 4(d) states that an individual, corporation or association that receives notice of a suit and a request for waiver of service "has a duty to avoid unnecessary costs of serving

the summons." Accordingly, if a defendant within the United States fails to comply with a request for waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." F.R.C.P. 4(d)(2). Those costs "shall include ... the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service." F.R.C.P. 4(d)(2)(5). Dillard has not shown good cause, so an award is required by Rule 4.

With respect to the costs of service, counsel for the plaintiff testifies that, after Dillard refused to execute a waiver, he hired a private process server who effected formal service at a charge of $50. Counsel also spent $9.66 in postage to the process server. Those costs are reasonable and compensable under the Rule. Plaintiff also asks for reimbursement of $11.14 spent on certified mail used to deliver the unsuccessful waiver requests, but that expense is not compensable because the Rule permits an award only after a defendant fails to comply with the waiver request, and then the costs to be awarded are limited to those "subsequently incurred in effecting service." Plaintiff also asks for reimbursement of $28 in unspecified copy charges. Given Dillard's lack of opposition to the motion and the likelihood that a substantial portion of the copies were related to the later service efforts required by Dillard's refusal to waive service, the court will approve that request.

Plaintiff's counsel also asks for compensation for 3.75 hours of attorney time. Counsel does not itemize the time, but he represents in his affidavit that the time was spent locating a process server, compiling service papers, corresponding with the Clerk of Court,

transmitting papers to the process server, and communicating with Dillard's representatives. He adds that: "Time was also expended in preparing this motion, order and proof."

There is no indication of what amount of the 3.75 hours was attributed to the preparation of the motion and supporting papers, but that is the only component of counsel's time that is compensable under Rule 4. The Rule permits an attorney fee award for "any motion required to collect the costs of service." F.R.C.P. 4(d)(2)(5). Fees incurred in connection with attempts to make service or obtain a waiver do not fall within the scope of that language. Morales v. S I Diamond Technology, Inc., 1999 WL 144469 (S.D. N.Y. 1999); D'Agostine v. United Hospital Supply Corp., 1996 WL 417266 (E.D. Pa. 1996). Counsel has not submitted contemporaneous time records that reflect the amount of time he spent preparing this motion, so an estimate is necessary. The court finds that $400 is a reasonable amount of compensation for the preparation and filing of the motion and supporting papers.

For the reasons stated above, the plaintiff's **Motion for Award of Fees and Costs In Connection with Service of Process (Doc. 4) is granted**. Dillard National Bank is ordered to pay the plaintiff, through his counsel of record, **$487.66** and file **evidence of payment** into the record no later than **August 19, 2005.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27 day of July, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE